UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN JACKSON, | Civil Action No. 17-4707(SRC) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter having been opened to the Court by Petitioner's filing of a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the available record and screened the Motion for dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons explained herein, the Court has determined that Petitioner is not entitled to relief and will therefore dismiss the Motion at screening.

The Court notes that this matter was incorrectly docketed a motion for relief pursuant to *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 5691 (2015). Upon further review, the Court finds that Petitioner is moving for relief pursuant to *Mathis v. United States*, 579 U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), which held that a state crime does not qualify as an Armed Career Criminal Act ("ACCA") predicate offense when its elements are broader than the elements of a listed generic offense.[1]

---

[1] The Court will therefore vacate its prior Order to be replaced with the instant Memorandum and Order.

1

From the outset, it appears that this is Petitioner's second habeas petition. His first Motion for relief was denied by this Court on September 9, 2011 (Civ. No. 11-3392, ECF Nos. 7, 8), and the Third Circuit denied a certificate of appealability on December 27, 2011. (ECF No. 11.) Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Authorization may be granted only if the motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. § 2255). Petitioner has not moved before the Third Circuit for permission to file a second or successive petition; thus, to the extent the instant motion would be deemed second or successive, this Court lacks jurisdiction to consider it.[2]

To the extent the motion is not second or successive, it fails on the merits.[3] Petitioner contends in his Petition that he was incorrectly sentenced as a career offender under the

---

[2] It is not clear from the record whether Petitioner received the notice required by *United States v. Miller*, 197 F.3d 644 (3d Cir.1999) prior to the Court's ruling on his 2011 motion to vacate. *See also Castro v. United States*, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (requiring such notice before recharacterizing a pro se filing as a § 2255 motion). Where such notice is not given, the motion does not count as a first § 2255 motion for second or successive purposes. *See Castro*, 540 U.S. at 383, 124 S.Ct. 786; *Norwood v. United States*, 472 F. App'x 113, 117 (3d Cir. 2012).

[3] Because the claim fails on the merits, the Court need not determine whether the petition is timely under 2255(f)(3). However, all circuit courts to have considered this issue or the issue in the context of a second or successive petition have determined that *Mathis* is not new. *See Boatwright v. Warden Fairton FCI*, No. 17-3534, 2018 WL 3640305, at *2 (3d Cir. July 31, 2018)(collecting cases and declining to decide whether *Mathis* announces a new right under § 2255(f)(3)). The Court agrees with those courts that have found that *Mathis* is not new.

2

Guidelines for two prior drug offenses that do not qualify as "aggravated felonies" under *Mathis* and the Third Circuit's decision in *Chang-Cruz v. Attorney Gen. United States of Am.*, 659 F. App'x 114 (3d Cir. 2016).

Petitioner is incorrect. According to his Presentence Investigation Report ("PSR"), Petitioner has two prior controlled substance convictions in New Jersey for possession with intent to distribute CDS: Possession of CDS (heroin) with intent to distribute on December 10, 2003; and Possession of CDS (cocaine) with intent to distribute on September 7, 2004. Petitioner was over 18 at the time of both offenses, and these convictions arise under N.J.S.A. 2C:35-5.

At the time of Petitioner's conviction, the Guidelines defined a predicate drug offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Guidelines Manual § 4B1.2(b) (emphasis supplied). N.J.S.A. 2C:35-5 makes it unlawful for any person knowingly or purposely "to manufacture, distribute or dispense, or <u>to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog[.]</u>" (Emphasis added.) Because the federal and state definitions match, the state CDS crimes at issue qualify as predicate offenses under the categorical approach, and the Court need not resort to the modified categorical approach, which was the issue in *Mathis*. *See Mathis*, 136 S. Ct. at 2248 ("To determine whether a prior conviction [qualifies as a predicate offense], courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements [of the predicate offense], while ignoring the particular facts of the case.").

3

Nor does *Chang-Cruz* provide a basis for relief. There, the Third Circuit held that N.J.S.A. 2C:35-7, of which alien had previously been convicted, swept more broadly than the generic federal offense because the New Jersey offense could be committed by means either of distribution or dispensing of controlled substance, and thus did not qualify as "aggravated felony." Under the immigration code, an aggravated felony is determined by reference to the Controlled Substances Act ("CSA"), 21 U.S.C. § 802. The Court in *Chang-Cruz* determined that N.J.S.A. 2C:35–7 sweeps more broadly than § 860, which criminalizes distribution but not dispensing, and thus could not form the basis for an aggravated felony in the immigration context. *See Chang-Cruz*, 659 F. App'x at 118. As explained above, the relevant comparison here is between N.J.S.A. 2C:35–7 and § 4B1.2(b). *See United States v. Jackson*, 711 F. App'x 90, 92 (3d Cir. 2017) (explaining that "unlike § 860, the Career Offender Guideline does cover 'dispensing' in its disjunctive list of elements" and finding that the petitioner's "reliance on *Chang–Cruz* is misplaced") (emphasis added). Therefore, *Chang-Cruz* does not provide Petitioner a basis for relief.

For these reasons, the Court will dismiss the Motion at screening. Petitioner has not made a substantial showing of the denial of a constitutional right; as such, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

**IT IS, THEREFORE,** on this 4 day of October, 2018,

**ORDERED** that the Court will **VACATE** its prior Order (ECF No. 3) to be replaced with this Memorandum and Order; and it is further

**ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence is hereby **DISMISSED** at screening for the reasons stated this Memorandum and Order; it is further

4

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that that the Clerk shall serve this Memorandum and Order upon Petitioner at the address on file, and shall **CLOSE** this case accordingly.

STANLEY R. CHESLER
United States District Judge